UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Sheri Littlejohn-Lorik,<br>Plaintiff,<br><br>v.<br><br>Viva USA, Inc. d/b/a Viva Chicken and<br>Viva Chicken Holdings, LLC d/b/a Viva<br>Chicken,<br>Defendants. | CASE NO.: 2:26−cv−02248-BHH-MHC<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

1. This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.* and the US Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621-634.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of age discrimination and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from EEOC on or about March 12, 2026.

   c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Sheri Littlejohn-Lorik, is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendant, Viva USA, Inc. d/b/a Viva Chicken, upon information and belief, is a foreign corporation organized in the State of Illinois and operating under the laws of the State of South Carolina.

6. The Defendant, Viva Chicken Holdings, LLC d/b/a Viva Chicken, upon information and belief, is a foreign corporation organized in the State of North Carolina and operating under the laws of the State of South Carolina.

1

7. The Defendants are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

8. The Defendants are an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

9. The Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the US Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621-634.

10. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

11. In or around April 2023, the Plaintiff began working for the Defendants as a delivery driver.

12. The Plaintiff was fifty-three (53) years old at the time of the events and was an older employee as defined by the ADEA of 1967, as amended, 29 U.S.C. §630.

13. The Plaintiff was subjected to discrimination by Manager, Jules Wildes, when she took in customer orders, she skipped over the Plaintiff and assigned them to herself. The orders that Ms. Wildes did not want she would assign to the newer and younger drivers.

14. Despite Plaintiff reporting the discriminating behavior, Defendant did not take appropriate action to resolve the problems.

15. In or around May 2024, the Plaintiff sent a text message to the General Manager, Michael, about the discrimination, and then Plaintiff spoke to Michael and discussed the discrimination, but nothing was done.

16. It was the duty of Defendants, by and through their agents, servants and/or employees, to prevent such acts of discrimination and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

17. Plaintiff was then constructively discharged on or about February 12, 2025, as Plaintiff could no longer work under those intolerable working conditions.

### FOR A FIRST CAUSE OF ACTION
### Violation of Age Discrimination in Employment Act

18. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

19. Plaintiff was a member of a protected group on the basis of her age. Plaintiff was an employee for a position that she was qualified for and was an individual over forty (40) years old. Plaintiff was retaliated against discharged from her position due to her age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

20. Defendants were wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to promote or continue to employ Plaintiff due to her age;

   b. In retaliating against Plaintiff by terminating and showing disparate treatment against Plaintiff.

21. Defendants violated ADEA of 1967, as amended, 29 U.S.C. §630 by allowing the discrimination to exist in the workplace.

22. Plaintiff's age was a determining factor in the retaliation, disparate treatment and termination of the Plaintiff. But for the Plaintiff's age, she would not have been terminated.

23. As a direct and proximate result of the acts and practices of Defendants in the discrimination, retaliation, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from loss of income, loss of benefits, other past and future losses, and attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Violation of Age Discrimination in Employment Act - Retaliation

24. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

25. As alleged above, Plaintiff complained to the Defendants on several occasions about age discrimination.

26. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

27. That shortly after making said complaints, the Defendants fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

28. The Defendants' stated reason for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on her engaging in protected activity.

29. The Plaintiff's reports of age discrimination were determining factors in the retaliation and constructive discharge of Plaintiff. But for Plaintiff's reports of age discrimination, she would not have been discharged.

3

30. The Defendants were wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

31. That the aforesaid conduct of Defendants, their agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

32. In failing to protect the Plaintiff from retaliation, the Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

33. The Defendants violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

34. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and further seeks attorney's fees and costs and prejudgment interest.

35. That the Defendants' actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to have his lost wage amount doubled against the Defendants.

## <u>REQUEST FOR RELIEF</u>

36. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

37. Due to the acts of the Defendants, Plaintiff suffered disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

38. That by reason of such wrongful acts of the Defendants, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendants with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by said damages to be doubled;

4

4.      Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact said amount to be doubled; and

5.      Judgment against Defendants, in such an amount of attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/Dominic M. Nation*
Dominic M. Nation (Fed. ID# 14290)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
June 8, 2026.

5